**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| NAFISA NOORI, | ) | NO. ED CV 17-2550-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | **AND ORDER OF REMAND** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS
HEREBY ORDERED that Plaintiff's and Defendant's motions for summary
judgment are denied and this matter is remanded for further
administrative action consistent with this Opinion.


**PROCEEDINGS**


Plaintiff filed a complaint on December 28, 2017, seeking review
of the Commissioner's denial of benefits.  The parties filed a consent
to proceed before a United States Magistrate Judge on February 2,
2018.  Plaintiff filed a motion for summary judgment on August 16,

2018.  Defendant filed a motion for summary judgment on September 17,
2018.  The Court has taken both motions under submission without oral
argument.  See L.R. 7-15; "Order," filed January 8, 2018.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former translator, asserts disability based
primarily on alleged mental problems (Administrative Record ("A.R.")
65, 213, 215, 235-41).  An Administrative Law Judge ("ALJ") examined
the record and heard testimony from Plaintiff, a medical expert and a
vocational expert (A.R. 20-209, 213-811).

The ALJ found Plaintiff has a severe "bipolar type
schizoaffective disorder" which precludes the performance of
Plaintiff's past relevant work (A.R. 22, 33).  However, the ALJ also
found Plaintiff retains the residual functional capacity ("RFC") to
"perform simple, routine tasks in a habituated work setting . . ."
(A.R. 27).  In making this finding, the ALJ purported to accord "great
weight" to the opinions of Dr. Romualdo R. Rodriguez, a consultative
examining psychiatrist (A.R. 29, 32).  In the ALJ's written decision,
the ALJ did not acknowledge having rejected any of Dr. Rodriguez'
opinions (A.R. 22-35).

The vocational expert testified that a person having the RFC the
ALJ found to exist could perform work as a "janitor" or a "laundry
worker" (A.R. 61-62).  In reliance on this testimony, the ALJ found
Plaintiff not disabled (A.R. 34-35).  The Appeals Council denied
review (A.R. 1-3).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. <u>See</u> <u>Carmickle v. Commissioner</u>, 533 F.3d 1155, 1159 (9th Cir. 2008); <u>Hoopai v. Astrue</u>, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation and quotations omitted); <u>see</u> <u>Widmark v. Barnhart</u>, 454 F.3d 1063, 1067 (9th Cir. 2006).

**DISCUSSION**

Dr. Rodriguez opined, <u>inter alia</u>, that Plaintiff is "[a]ble to understand, remember, and carry out <u>simple</u> one or two-step job instructions" and is "[u]nable to do detailed and <u>complex</u> instructions" (A.R. 382) (emphasis in original). "Level 1" reasoning entails the ability to "[a]pply common sense understanding to carry out <u>simple one- or two-step instructions</u>. . . ." <u>See</u> Dictionary of Occupational Titles ("D.O.T.") Appendix C, 1991 WL 688702 (Jan. 1, 2016) (emphasis added). "Level 2" reasoning entails the ability to "[a]pply commonsense understanding to carry out <u>detailed but uninvolved written or oral instructions</u>. . . ." <u>See id.</u> (emphasis added). According to the D.O.T., the jobs of janitor and laundry worker both require Level 2 reasoning. <u>See</u> D.O.T. 381.687-018, 361.685-018.

Plaintiff argues that Dr. Rodriguez' opinions are inconsistent with the RFC the ALJ found to exist and inconsistent with the conclusion Plaintiff can perform jobs requiring Level 2 reasoning. Defendant argues that Dr. Rodriguez' opinions are consistent with the RFC the ALJ found to exist and consistent with the conclusion Plaintiff can perform jobs requiring Level 2 reasoning.

As expressed in his report, Dr. Rodriguez' opinions regarding the level of Plaintiff's reasoning ability appear ambiguous. It is unclear from the report whether Dr. Rodriguez believes Plaintiff is limited to Level 1 reasoning or is capable of Level 2 reasoning. Without obtaining clarification from Dr. Rodriguez, the ALJ evidently assumed the latter interpretation. See Little v. Berryhill, 708 Fed. App'x 468, 469-70 (9th Cir. 2018) ("simple work" RFC contradicts doctors' opinions limiting claimant to ability to "understand, remember, and carry out simple 1-2 step instructions . . ."). However, the language in Dr. Rodriguez' report is at least equally consistent with the former interpretation. See Flores v. Berryhill, 725 Fed. App'x 575, 576 (9th Cir. 2018) (Ninth Circuit interpreted doctor's opinion that claimant is "[a]ble to carry out one-and two-step instructions . . ." to limit claimant "to work requiring no more than one- or two-step instructions," i.e. work requiring no more than Level 1 reasoning).

Clarification of this potentially material ambiguity in Dr. Rodriguez' report is required. See Sims v. Apfel, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and

4

develop the arguments both for and against granting benefits. . . .");
Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ
thought he needed to know the basis of Dr. Hoeflich's opinions in
order to evaluate them, he had a duty to conduct an appropriate
inquiry, for example, by subpoenaing the physicians or submitting
further questions to them.") (citations omitted); Brown v. Heckler,
713 F.2d 441, 443 (9th Cir. 1983) ("The ALJ has a special duty to
fully and fairly develop the record and to assure that the claimant's
interests are considered.  This duty exists even when the claimant is
represented by counsel.").

If Dr. Rodriguez believes Plaintiff is limited to Level 1
reasoning, then the ALJ would be required to explain the failure to
incorporate such limitation into the RFC.  See Social Security Ruling
96-8p[1] ("If the RFC assessment conflicts with an opinion from a
medical source, the adjudicator must explain why the opinion was not
adopted."); see Flores v. Berryhill, 725 Fed. App'x at 576 (because
doctor stated claimant was "able to carry out one- and two-step
instructions," and because the ALJ purportedly gave "substantial
weight" to this opinion, "the ALJ was required either to limit the
claimant's residual functional capacity to Level 1 reasoning or
explain why the ALJ had not done so"); see also Little v. Berryhill,
708 Fed. App'x at 469-70 (doctor's opinion that claimant could
"understand, remember, and carry out simple 1- to 2-step instructions"
conflicts with RFC that claimant could perform "simple work"); cf.
Rounds v. Commissioner, 807 F.3d 996, 1003 (9th Cir. 2015) (limitation

---

[1]     Social Security rulings are "binding on ALJs."  Terry
v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

to "one to two step" tasks or instructions is inconsistent with the demands of Level 2 reasoning).

Because the circumstances of this case suggest that further administrative proceedings could remedy the deficiencies discussed herein, remand is appropriate. <u>McLeod v. Astrue</u>, 640 F.3d 881, 888 (9th Cir. 2011); <u>see also</u> <u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); <u>Leon v. Berryhill</u>, 880 F.3d 1041, 1044 (9th Cir. 2018) ("an automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule").

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**CONCLUSION**

For all of the foregoing reasons,[2] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 26, 2018.

                                   /s/
                              CHARLES F. EICK
                 UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.